Matter of Gallagher (2019 NY Slip Op 08673)





Matter of Gallagher


2019 NY Slip Op 08673


Decided on December 4, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
ANGELA G. IANNACCI, JJ.


2019-05528

[*1]In the Matter of John C. Gallagher III, admitted as John Cullinane Gallagher III, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; John C. Gallagher III, respondent. (Attorney Registration No. 4323341)



APPLICATION pursuant to 22 NYCRR 1240.10 by John C. Gallagher III, who was admitted to the Bar under the name John Cullinane Gallagher III, at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on September 27, 2005, to resign as an attorney and counselor-at-law. On May 23, 2019, the Grievance Committee for the Ninth Judicial District served the respondent with a notice of petition and a verified petition, both dated May 17, 2019, and an order to show cause dated May 20, 2019, seeking, inter alia, an order pursuant to 22 NYCRR 1240.9(a)(2) and (5), immediately suspending the respondent from the practice of law pending further order of the Court. The motion return date was adjourned, upon the respondent's request, until the Court decided his application to resign.



Gary L. Casella, White Plains, NY (Matthew C. Toal of counsel), for petitioner.
John C. Gallagher III, Pelham, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The respondent, John C. Gallagher III, admitted as John Cullinane Gallagher III, has submitted an affidavit sworn to on July 1, 2019, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in his affidavit that he is currently the subject of a disciplinary proceeding based upon a verified petition dated May 17, 2019. He acknowledges that the charges include at least the following acts of professional misconduct: (1) misappropriation of client funds, (2) knowingly making a false statement of fact to the Grievance Committee for the Ninth Judicial District, and (3) failing to maintain his biennial registration with the Office of Court Administration. The respondent avers that he cannot successfully defend against these charges based upon the facts and circumstances of his professional conduct.
The respondent also avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress by anyone, and that he is fully aware of the implications of submitting his resignation, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
As to the issue of restitution, the respondent consents to the entry of an order by the [*2]Court, pursuant to Judiciary Law § 90(6-a), directing that he make monetary restitution to Citiquiet, Inc., in the amount of $15,000. He further acknowledges that the resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that pending the issuance of this order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. In view of the foregoing, on the Court's own motion, the Grievance Committee's motion to immediately suspend the respondent from the practice of law is denied as academic, and the disciplinary proceeding commenced against the respondent is discontinued as academic.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and IANNACCI, JJ., concur.
ORDERED that the application of the respondent, John C. Gallagher III, admitted as John Cullinane Gallagher III, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, John C. Gallagher III, admitted as John Cullinane Gallagher III, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, John C. Gallagher III, admitted as John Cullinane Gallagher III, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, John C. Gallagher III, admitted as John Cullinane Gallagher III, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(a), the respondent, John C. Gallagher III, admitted as John Cullinane Gallagher III, shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any award made to Citiquiet, Inc.; and it is further,
ORDERED that in the event that no award has been made by the Lawyers' Fund for Client Protection to Citiquiet, Inc., the respondent, John C. Gallagher III, admitted as John Cullinane Gallagher III, shall make monetary restitution to Citiquiet, Inc., in the sum of $15,000, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that in the event that a partial award has been made by the Lawyers' Fund for Client Protection, the respondent, John C. Gallagher III, admitted as John Cullinane Gallagher [*3]III, shall make partial monetary restitution to Citiquiet, Inc., to the extent that it has not been fully reimbursed, pursuant to Judiciary Law § 90(6-a); and it is further,
ORDERED that pursuant to Judiciary Law § 90(6-a)(d), this order may be entered as a civil judgment, and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection when it has been subrogated to the rights of such party; and it is further,
ORDERED that if the respondent, John C. Gallagher III, admitted as John Cullinane Gallagher III, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f); and it is further,
ORDERED that, on the Court's own motion, the Grievance Committee's motion pursuant to 22 NYCRR 1240.9(a)(2) and (5) to immediately suspend the respondent, John C. Gallagher III, admitted as John Cullinane Gallagher III, from the practice of law pending further order of this Court is denied as academic, and the disciplinary proceeding commenced against him is discontinued as academic.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court